# UNITED STATES DISTRICT COURT

### Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| ANTHONY SCIBELLI | ) | Case Number: 11-CR-3 |
| | ) | USM Number: 75825-053 |
| | ) | Gerald L. Shargel, Esq. |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1 of indictment

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1962(c), 1962(d), and 1963(a) | Racketeering Conspiracy, a Class C felony | 8/31/2010 | 1 |

    The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   3, 4, 6, 7    ☐ is    ☑ are   dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/5/2013
Date of Imposition of Judgment

**S/ Dora L. Irizarry**

Signature of Judge

Dora L. Irizarry          U.S. District Judge
Name of Judge               Title of Judge

April 23, 2013
Date

DEFENDANT: ANTHONY SCIBELLI
CASE NUMBER: 11-CR-3

# PROBATION

The defendant is hereby sentenced to probation for a term of :

THREE (3) YEARS.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within forty eight hours after such change;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer anycontrolled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of afelony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the cou and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminalrecord or person; history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL PROBATION TERMS

The probationary term imposed for the instant offense shall run concurrently to the term imposed under 08-CR-76.

DEFENDANT: ANTHONY SCIBELLI
CASE NUMBER: 11-CR-3

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall make full financial disclosure to the U.S. Probation Department;

2. The defendant shall not possess a firearm, ammunition, or destructive device;

3. The defendant shall participate in a mental health treatment program approved by the U.S. Probation Department. The defendant shall contribute to the cost of services rendered or any psychotropic medications as prescribed, via copayment or full payment, in an amount to be determined by the Probation Department, based upon the defendant's ability to pay and/or the availability of third-party payment;

4. The defendant shall have no contact of any kind with the victims of the instant offense. This means that he shall not attempt to meet in person, communicate by letter, telephone, or through a third party, without the knowledge and permission of the Probation Department;

5. The defendant shall not associate in person, through mail, electronic mail or telephone with any individual with an affiliation to any organized crime groups, gangs or any other criminal enterprise; nor shall the defendant frequent any establishment, or other locale where these groups may meet pursuant, but not limited to, a prohibition list provided by the U.S. Probation Department. An exception to this prohibition is made as to codefendant/brother-in-law Thomas Frangiapane.

DEFENDANT: ANTHONY SCIBELLI
CASE NUMBER: 11-CR-3

Judgment — Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 10,000.00 | $ 55,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Sitt Asset Management | $55,000.00 | $55,000.00 | |
| **TOTALS** | $ 55,000.00 | $ 55,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ANTHONY SCIBELLI
CASE NUMBER: 11-CR-3

Judgment — Page 6 of 6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☒ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☒ F below; or

B ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

    $10,000 fine shall be paid to the Clerk of Court for the Eastern District of New York at the rate of 10% of gross income per month. Restitution in the amount of $55,000 shall be paid upon final entry of judgment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    Anthony O'Donnell and Thomas Frangiapane (11-CR-3).

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

    See attached order. Forfeiture has been satisfied.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

SLR:LDM:TYH
F.# 2009R00195

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ANTHONY SCIBELLI,

        Defendant.

- - - - - - - - - - - - - - - - - -X

ORDER OF FORFEITURE

11-CR-0003 (DLI)

        WHEREAS, on February 16, 2012, the defendant, ANTHONY SCIBELLI (the "Defendant"), entered a plea of guilty to Count One of the above-captioned Indictment, charging a violation of 18 U.S.C. § 1962(d), to wit, racketeering conspiracy; and

        WHEREAS, pursuant to the Defendant's plea agreement, the Defendant has consented and agreed to the entry of, and to forfeit all of his right, title and interest in, a forfeiture money judgment in the amount of $30,000.00 in United States currency (the "Forfeiture Money Judgment"), pursuant to 18 U.S.C. § 1963, as: (a) interest acquired or maintained in violation of 18 U.S.C. § 1962; (b) an interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the Defendant established, operated, controlled, conducted, or participated in the conduct of, in any violation of 18 U.S.C. § 1962; (c) property constituting, or derived from, any proceeds

obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of 18 U.S.C. § 1962; and/or (d) substitute assets.

WHEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Pursuant to 18 U.S.C. § 1963, the Defendant shall pay the Forfeiture Money Judgment on or before the date of sentencing (the "Due Date"). In the event the Forfeiture Money Judgment is not satisfied on or before the Due Date, interest shall accrue at the judgment rate of interest from the Due Date.

2. All payment made toward the Forfeiture Money Judgment shall be by certified or bank check, made payable to "United States Marshals Service," and shall be hand-delivered to Assistant United States Attorney Tanya Y. Hill, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, on or before the Due Date, with the criminal docket number noted on the face of the check.

3. If the Defendant fails to pay the Forfeiture Money Judgment by the Due Date, the Defendant has agreed that the United States may execute the Forfeiture Money Judgment upon any other assets of the Defendant, up to the outstanding balance of the Forfeiture Money Judgment, pursuant 21 U.S.C. § 1963(m), the

Federal Debt Collection Procedure Act, or any other applicable law.

    4.    The Defendant shall disclose all of his assets to the United States on the "United States Department of Justice Financial Statement" (the "Financial Statement") prior to sentencing. The Defendant consents to the forfeiture to the United States of all assets in which the Defendant has an interest but failed to disclose on the Financial Statement, if any. Should any such assets be discovered, the Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets, and the Defendant shall execute any documents necessary to effectuate the forfeiture of said assets.

    5.    The Defendant shall fully assist the Government in effectuating the payment of the Forfeiture Money Judgment. The Defendant shall not file or interpose any claim or to assist others to file or interpose a claim to any property against which the Government seeks to execute the Forfeiture Money Judgment in any administrative or judicial forfeiture proceedings.

    6.    The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited under this Order of Forfeiture. In addition, the Defendant knowingly and voluntarily

waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the <u>Ex Post Facto</u> Clause of the Constitution, any applicable statues of limitations, venue, or any defense under the Eight Amendment, including a claim of excessive fines.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

8. Upon the entry of this Order, the United States Attorney General, or his designee, is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c).

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court shall forward two (2) certified copies of this Order to FSA Senior Law Clerk William K. Helwagen, U.S. Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       March 13, 2012

S/ Dora L. Irizarry

_____
HONORABLE DORA L. IRIZARRY
UNITED STATES DISTRICT JUDGE